UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DEMOND MARTIN, | ) | |
| Petitioner, | ) | No. CV 09-9040-R(AJW) |
| v. | ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| Respondent. | ) | |

Petitioner filed a petition for a writ of habeas corpus. At the same time, petitioner filed a document entitled "Motion and Declaration Requesting Appointment of Counsel/Extension of Time if Need to Meet the AEDPA...."

The petition purports to challenge petitioner's 2007 conviction in the Los Angeles Superior Court, but it does not allege any claims for relief. Instead, it refers to attached documents. [See Petition at 5]. Reference to the various attached documents, however, reveals only requests for appointment of counsel apparently filed in state court. None of the attached documents alleges any claim for relief. Because the Court is unable to discern the factual or legal basis for

any claims petitioner intends to present in this federal habeas petition, it is subject to summary dismissal. See Rule 2(c) of the Rules Governing Section 2254 Cases (providing that a habeas petition must specify the grounds for relief and shall set forth in summary form the facts supporting those grounds).

To the extent that petitioner seeks application of statutory or equitable tolling to any future federal petition he may elect to file, see 28 U.S.C. §2244(d)(2), such a request is premature.[1] Petitioner has not yet filed a proper federal petition challenging his conviction or sentence. Further, at this stage, whether the state will raise a statute of limitation defense pursuant to 28 U.S.C. §2244(d) if petitioner does file a federal petition is speculative. The timeliness of any federal petition properly filed by petitioner should be considered if and when petitioner files such a petition. Thus, the issue whether petitioner is entitled to statutory or equitable tolling is not ripe for determination.

In addition, petitioner has not named a proper respondent. A petitioner seeking habeas relief must name as a respondent to the petition the state officer having custody of the petitioner. Rule 2(a) of the Rules Governing Section 2254 Cases; Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997). "Failure to name the petitioner's

---

[1] On the present record, which may or may not be complete, it appears that petitioner's conviction became final for purposes of the statute of limitation on June 24, 2009, 90 days after his petition for review was denied. See Sup.Ct. Rule 13; Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Petitioner would have one year from that date – or until June 24, 2010 – within which to file a federal petition. Of course, this period would be extended if petitioner has a properly filed state application for relief pending or is entitled to equitable tolling. See 28 U.S.C. §2244(d)(2) (explaining that the one year period does not include any time during which a properly filed state application for relief is pending). Nothing in this order, however, should be construed as expressing an opinion as to the timeliness of this or any future petition petitioner may attempt to file.

custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (per curiam). Typically, the proper respondent is the warden of the institution in which the petitioner is incarcerated. Stanley, 21 F.3d at 360. Because petitioner does not name either the warden of the prison at which he is incarcerated or the Director of the California Department of Corrections, the Court lacks personal jurisdiction over the proper respondent.

For the foregoing reasons, the petition is dismissed without prejudice to petitioner's right to file a petition alleging federal claims for relief.[2]

**It is so ordered.**

Dated:   Jan. 5, 2010

                                       Manuel L. Real
                                       United States District Judge

---

[2] Petitioner's request for appointment of counsel is denied. Generally, habeas petitioners have no constitutional right to appointment of counsel. See McCleskey v. Zant, 499 U.S. 467, 495 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Further, in light of petitioner's failure to state any claim for relief, the interests of justice presently do not warrant appointment of counsel. See 18 U.S.C. § 3006A; 28 U.S.C. § 2254(h); and Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases. Petitioner may renew his request for appointment of counsel after he has filed a proper federal habeas petition curing the deficiencies noted above.